NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MORDECHAI KAPLINSKY, <br><br> Plaintiff, <br><br> v. <br><br> ROBERT WOOD JOHNSON UNIVERSITY HOSPITAL, <br><br> Defendant. | Civ. No. 15-7846 <br><br> **OPINION** |

THOMPSON, U.S.D.J.

This matter appears before the Court on the Motion of Defendant Robert Wood Johnson University Hospital ("Defendant") to Dismiss the Complaint of Plaintiff Mordechai Kaplinsky ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 12). Plaintiff opposes. (ECF No. 13). The Court has decided the Motion after considering the parties' written submissions and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons stated below, Defendant's Motion will be granted.

BACKGROUND

This case involves alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA prohibits the use of an automatic telephone dialing system or a prerecorded voice to place calls to a cell phone number without the called party's prior, express consent. 47 U.S.C. § 227. Plaintiff's allegations are as follows: From December 2014 to October 2015, Defendant called Plaintiff's cell phone number over 700 times using an autodialer and a prerecorded voice. (Am. Compl. ¶¶ 7-12, ECF No. 3). Plaintiff has never had a

relationship with Defendant, and on September 17, 2015, he called Defendant and instructed Defendant to cease all calls being placed to him. (*Id.* ¶¶ 9, 10). Despite this request, Defendant has continued to call Plaintiff and leave automated messages. (*Id.* ¶ 11). Consequently, Plaintiff alleges that Defendant's behavior violates the TCPA.

Plaintiff filed a complaint on November 2, 2015. (ECF No. 1). An amended complaint was filed on November 5, 2015. (ECF No. 3). Defendant then filed a motion to dismiss on January 15, 2016. (ECF No. 12). This Motion is presently before the Court.

DISCUSSION

A. Legal Standard

A motion under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 56 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009); *see also Connelly v. Lane Const. Corp.*, No. 14-3792, 2016 WL 106159 (3d Cir. Jan. 11, 2016). However, the court may disregard any conclusory legal allegations. *Fowler*, 578 F.3d at 203. Finally, the court must determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679).

B. Analysis

The elements of a TCPA claim are as follows: (1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system or an artificial or prerecorded voice; (3) without the recipient's prior express consent; and (4) the recipient was charged for the call.  47 U.S.C. § 227(b)(1)(A)(iii).

Defendant moves to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  First, Defendant argues that Plaintiff's Complaint does not allege specific facts stating that Defendant made the calls at issue.  Second, Defendant argues that Plaintiff's Complaint fails to sufficiently allege that Defendant used an automatic telephone dialing system or a prerecorded voice.  Third, Defendant argues that Plaintiff's Complaint does not allege that he was charged for the calls allegedly placed by Defendant.  If the Court does not grant dismissal, Defendant requests that Plaintiff be ordered to provide a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

As to Defendant's first argument, the Court finds that for purposes of a motion to dismiss, Plaintiff sufficiently pled that Defendant made the calls at issue.  While Plaintiff does not explicitly state that Defendant owned the number making the calls, Plaintiff states that Defendant made the calls using that number.  (Am. Compl. ¶ 7).  The TCPA does not require a plaintiff to state that the defendant owned the number at issue, as Defendant suggests.  *See* 47 U.S.C. § 227(b)(1)(A)(iii).  Therefore, the Complaint will not be dismissed on this basis.

As to Defendant's second argument, the Court finds that Defendant sufficiently pled that the calls were made using a prerecorded voice.  Plaintiff states that Defendant left "inexplicable prerecorded computerized messages."  (Am. Compl. ¶ 7).  Plaintiff also alleges that Defendant "continued to call Plaintiff and leave automated messages."  (*Id.* ¶ 11).  Because Plaintiff states

that the calls were made using a "computerized" or "automated" voice, this case is distinguishable from the case cited by Defendant in which a complaint was dismissed because the complaint "provide[d] no factual allegations suggesting that that [sic] the voice on the other end of the line was prerecorded." *Trumper v. GE Capital Retail Bank*, 79 F. Supp. 3d 511, 513 (D.N.J. 2014). While Plaintiff could have included more detail, for purposes of the Motion to Dismiss, this element was sufficiently pled.

As to Defendant's third argument, the Court agrees that Plaintiff fails to allege that he was charged for the calls. At no point in the Complaint does Plaintiff address this element of a TCPA claim. The Court also notes that Plaintiff never states that he did not give prior, express consent to Defendant to make the calls, another required element of a TCPA claim.[1] Because Plaintiff's lack of consent can be inferred from Plaintiff's claim that he never had a relationship with Defendant, (Am. Compl. ¶ 8), and the Court must construe the Complaint in the light most favorable to Plaintiff, this omission may not have been fatal to the Complaint on its own. However, because Plaintiff does not address whether he was charged for the calls, the Complaint must be dismissed for failure to state a claim. The Court will dismiss the Complaint without prejudice, and Plaintiff will be given leave to amend.

---

[1] Plaintiff's attempt to cure this factual deficiency in his opposition to Defendant's Motion to Dismiss does not cure the problem. *See Colony Ins. Co. v. Kwasnik, Kanowitz & Associates, P.C.*, 288 F.R.D. 340, 344 (D.N.J. 2012) (stating that insufficiencies in a plaintiff's claim as pled cannot be cured by a brief or other documents submitted in opposition to a motion to dismiss).

## CONCLUSION

For the reasons stated herein, the Complaint will be dismissed without prejudice.

Plaintiff will be granted leave to amend the Complaint within thirty days.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.