NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MORDECHAI KAPLINSKY,

        Plaintiff,

v.

ROBERT WOOD JOHNSON UNIVERSITY HOSPITAL,

        Defendant.

Civ. No. 15-7846

**OPINION**

THOMPSON, U.S.D.J.

        This matter appears before the Court on the motion of Plaintiff Mordechai Kaplinsky ("Plaintiff") for reconsideration of the Court's February 10, 2016 Opinion and Order dismissing the case under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 20). Defendant Robert Wood Johnson University Hospital ("Defendant") opposes. (ECF No. 21). The Court has decided the motion after considering the parties' written submissions and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons stated below, Plaintiff's motion for reconsideration will be granted.

BACKGROUND

        This case involves alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA prohibits the use of an automatic telephone dialing system or a prerecorded voice to place calls to a cell phone number without the called party's prior, express consent. 47 U.S.C. § 227. Plaintiff's allegations are as follows: From December 2014 to October 2015, Defendant called Plaintiff's cell phone number over 700 times using an

1

autodialer and a prerecorded voice. (Am. Compl. ¶¶ 7-12, ECF No. 3). Plaintiff has never had a relationship with Defendant, and on September 17, 2015, he called Defendant and instructed Defendant to cease all calls being placed to him. (*Id.* ¶¶ 9, 10). Despite this request, Defendant has continued to call Plaintiff and leave automated messages. (*Id.* ¶ 11). Consequently, Plaintiff alleges that Defendant's behavior violates the TCPA.

Plaintiff filed a complaint on November 2, 2015. (ECF No. 1). An amended complaint was filed on November 5, 2015. (ECF No. 3). Defendant then filed a motion to dismiss on January 15, 2016. (ECF No. 12). On February 10, 2016, the Court granted Defendant's motion to dismiss and dismissed the case for failure to state a claim upon which relief could be granted. (ECF No. 18). Plaintiff filed his motion for reconsideration on February 11, 2016. (ECF No. 20). This motion is presently before the Court.

## DISCUSSION

A. Legal Standard

Reconsideration is an extraordinary remedy that is to be granted "very sparingly." L. Civ. R. 7.1(i) cmt. 6(d) (citing cases); *Friedman v. Bank of Am., N.A.*, No. 09-2214, 2012 WL 3146875, at *2 (D.N.J. Aug. 1, 2012). Pursuant to Federal Rule of Civil Procedure 59(e) and Local Civil Rule 7.1, a motion for reconsideration may only be based on one of three grounds: (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) to correct a clear error of law or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). A motion for reconsideration is not an appeal, and such a motion is improper "when it is used 'to ask the Court to rethink what it has already thought through—rightly or wrongly.'" *Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co. of Md.,* 744 F. Supp. 1311, 1314 (D.N.J. 1990) (citations omitted), *rev'd on other grounds*, 989

F.2d 635 (3d Cir. 1993). Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for reconsideration. *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

   B. Analysis

Plaintiff argues that the Court should reconsider its February 10, 2016 Opinion and Order dismissing the case for failure to state a claim. Plaintiff provides two justifications: First, Plaintiff asserts that Defendant never argued that Plaintiff was required to allege that he was charged for the calls, the argument that formed the basis for the Court's dismissal. Second, Plaintiff asserts that being charged for a call made to a cellular phone is not a necessary element of Plaintiff's claim under the TCPA. Plaintiff argues that by stating otherwise, the Court made a clear error of law.

As to the first argument, the Court finds that Defendant's brief did argue that the amended complaint failed to state a claim because Plaintiff did not state that he was charged for the calls. Defendant did not devote an entire section of its brief to this argument. However, Defendant made this argument several times in its brief, as Plaintiff acknowledges in his motion for reconsideration. (Pl.'s Br., ECF No. 20) (citing Def.'s Mot. to Dismiss 1-2, 3, 9 n.4, ECF No. 12). Therefore, the Court will not reconsider the February 10, 2016 Order on this basis.

But as to Plaintiff's second argument, the Court finds that it is necessary to grant reconsideration on this point. Whether a plaintiff must allege that he was charged for a call to his cellular phone to state a claim under the TCPA would appear to be an issue of first impression in this Court. However, the Court found Plaintiff's citations to other district court opinions instructive. As Plaintiff points out, courts facing this argument "have routinely held that a plaintiff need not prove that he was charged for a cellular phone call to state a claim under

3

the TCPA." *Castro v. Green Tree Servicing LLC*, 959 F. Supp. 2d 698, 721 (S.D.N.Y. 2013) (citing *Lynn v. Monarch Recovery Mgmt., Inc.*, No. 11-2824, 953 F.Supp.2d 612, 625 n.37 (D. Md. 2013); *Manfred v. Bennett Law, PLLC*, No. 12-61548, 2012 WL 6102071, at *2 (S.D. Fla. Dec. 7, 2012) ("[T]he Court notes that the language of the statute makes it apparent that Plaintiff need not allege that he was charged for the call if he has alleged that the call was made to his cell phone."); *Gutierrez v. Barclays Grp.*, No. 10-1012, 2011 WL 579238, at *5-*6 (S.D. Cal. Feb. 9, 2011) (holding that plaintiffs need not show that they were charged for the calls or texts to their cell phones to prevail under the TCPA); *Lozano v. Twentieth Century Fox Film Corp.*, 702 F. Supp. 2d 999, 1009 (N.D. Ill. 2010) ("Due to the occurrence of two disjunctive prepositions in the relevant portion of § 227, the phrase 'for which the called party is charged for the call' only modifies 'any service.'") (citation omitted)); *see also Abella v. Student Aid Ctr., Inc.*, No. 15-3067, 2015 WL 6599747, at *2 (E.D. Pa. Oct. 30, 2015).

As these courts recognize, principles of statutory construction support the conclusion that a plaintiff need not state that he was charged for calls to his cellular phone. The relevant statutory language states that subject to narrow exceptions, it is unlawful for any person to make certain calls "to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, *or any service for which the called party is charged for the call*." 47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added). In a claim involving a cellular telephone, such as this one, to require a plaintiff to plead that he was charged for the call would require that the phrase "for which the called party is charged for the call" be interpreted to modify the entire subsection, and not just the phrase "or any service."

Given the many similar cases from other districts, the Court agrees that a plaintiff need not state that he was charged for a call made to a cellular phone to state a claim under the TCPA.

4

The Court will therefore grant Plaintiff's motion for reconsideration, to correct the clear error of law made in the Court's February 10, 2016 Opinion and Order.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for reconsideration will be granted. The Court will vacate the portions of the February 10, 2016 Opinion and Order finding that Plaintiff must state that he was charged for the calls to his cellular phone to state a claim under the TCPA. The other portions of the February 10, 2016 Opinion and Order are unaffected by today's ruling. The previously determined motion to dismiss (ECF No. 12) will be denied, and Plaintiff's amended complaint will be reinstated. However, due to the lack of detail in the amended complaint, Plaintiff will be ordered to provide a more definite statement addressing the issues identified in the February 10, 2016 Opinion. Fed. R. Civ. Pro. 12(e). In accordance with Rule 12(e), the second amended complaint must be filed within fourteen days of the entry of this Opinion and Order.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

**Dated:** March 8, 2016